IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| Tonya Y. Hairston | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 09-3431 |
| Prince George's County, Maryland | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S EXPERT WITNESS**

Now comes the Plaintiff, Tonya Hairston, by and through counsel, pursuant to Fed. R. Civ. P. 26 and 37, and hereby submits this Memorandum in Support of Plaintiff's Motion to Strike Defendant's Expert Witness, and states the following:

**I.     FACTS**

This is a sexual harassment claim arising out of a course of unwelcome sexual conduct during Ms. Hairston's employment with the Defendant, Prince George's County, Maryland (the "County"), including repeated sexual assaults against Ms. Hairston. Ms. Hairston has pled the following counts against Defendant County: violation of Title VII (Count I), Article 49B[1] (Count II), 42 U.S.C. Section 1983 (Count VI), and the Maryland Declaration of Rights (Count VII).[2]

On June 8, 2010, this Court entered a Scheduling Order. Pursuant to that Scheduling Order, Defendant had until September 7, 2010 to name its experts and provide Ms. Hairston with a copy of the expert's report. Ms. Hairston's deadline to name rebuttal experts is set for

---

[1] The Complaint alleges a violation of Article 49B. However, the former Article 49B was re-codified as Article 20 of the State Government Article. The re-codification was not intended to make any substantive changes. Md. Code Ann. State Gov't Title 20 Revisor's Note. Accordingly, all references herein will be to Title 20.
[2] The parties stipulated to the dismissal pf Counts III and IV, and the Court dismissed Count V.

September 20, 2010. Defendant's counsel never contacted Ms. Hairston's counsel to seek an extension for expert designations, nor did Defendant seek any modification of the expert deadline with the Court. **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). On September 7, 2010, Defendant served Ms. Hairston with Defendant's Rule 26(a)(2) Disclosure.[3] **Exh. 2** (Defendant's Rule 26(a)(2) Disclosure); **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). The designation was incomplete because no report was provided. Defendant did not seek leave to provide its report at a later date. Accordingly, Ms. Hairston seeks to strike Michael K. Spodak, M.D., P.A. as an expert because no report was provided.

## II.  ARGUMENT

### A.  Standard of Review

Pursuant to Rule 26, parties are entitled to full discovery of each other's testifying experts. Fed. R. Civ. P. 26(a)(2). Discoverable information includes the identity of the expert, the subject of his testimony, information considered, opinions, materials used, a resume, a list of other cases the expert has been involved with, the expert's compensation, and a written report. Fed. R. Civ. P. 26(a)(2). Rule 26 also provides that such disclosures shall be made at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(2)(C).

Rule 37 provides for sanctions against parties who fail to satisfy their obligations with respect to disclosure. In particular, the Rule provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . , is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions . . .

---

[3] Michael K. Spodak, M.D., P.A. is not a treating physician who can be called to testify at trial without any requirement for a written report. **Exh. 3** (Affidavit of Tonya Y. Hairston).

Fed. R. Civ. P. 37(c)(1). *See also* Fed. R. Civ. P. 16(f) (authorizing sanctions under Rule 37 for non-compliance with scheduling order).

The district court has "broad discretion" to determine whether a Rule 26(a) violation is substantially justified or harmless, using a five-factor test outlined by the Fourth Circuit. *S. States Rack and Fixture, Inc. v. Keller Rigging & Constr. Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The court should be guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* The burden of proving a substantial justification or harmlessness rests with the party that failed to disclose. *Id.* at 596.

### B. Defendant's Failure to Provide an Expert Report violates Rule 26(a)

As previously noted, this Court ordered Defendant to disclose its experts by September 7, 2010. Defendant never sought leave to extend this deadline or file a late designation, and accordingly it has not been diligent in attempting to meet the expert disclosure date. Defendant has failed to provide Ms. Hairston with a copy of Dr. Spodak's expert report. Ms. Hairston must disclose her rebuttal experts no later than September 20, 2010, only 10 days from the date of this motion. Ms. Hairston is entitled to timely and proper disclosure regarding experts. Defendant's failure to comply with this Court's Scheduling Order should result in this Court excluding the testimony of Dr. Spodak.

The County argues in its designation that the submission of a report is impossible because Dr. Spodak needs additional records to perform an evaluation of Ms. Hairston. This assertion is incorrect. The County is in possession of all records that were reviewed by Patrick J. Sheehan,

M.D., Ms. Hairston's testifying psychiatrist expert, in the preparation of his report. **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). Further, the County never requested that Ms. Hairston attend a medical evaluation with Dr. Spodak, nor did counsel for Ms. Hairston ever refuse or seek to limit Dr. Spodak's ability to conduct a medical evaluation. **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). Further, the County offers no explanation why Ms. Hairston's educational records are relevant to her emotional distress in this case. Additionally, the County states that "the only relevant discovery that has been provided by Plaintiff has been the session notes from Dr. James Welsh, who Plaintiff began seeing in December of 2007 . . . and her expert's report, which is based largely on another of Plaintiff's previous therapists (Tressa Bell-Burton)." **Exh. 2** (Defendant's Rule 26(a)(2) Disclosure at 3); **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). This is not correct. Ms. Hairston did not seek to quash or limit the subpoena issued to Tressa Bell-Burton and provided Ms. Bell-Burton's records to the County on July 29, 2010 in response to discovery. **Exh. 4** (June 17, 2010 Notice of Records Deposition); **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.)  Ms. Hairston also did not seek to quash or limit the subpoena issued to James Welsh, Ph.D. and provided Dr. Welsh's records to the County on August 24, 2010 in response to discovery.  **Exh. 5** (August 2, 2010 subpoena and Notice of Records Deposition); **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.).  Further, Ms. Hairston did not seek to quash or limit the subpoena that was issued to Sonja Watts-Means, LCSW, Ms. Hairston's therapist in 2008, and provided Ms. Watts-Means' records to the County on August 27, 2010 in response to discovery. **Exh. 6** (August 2, 2010 subpoena and Notice of Records Deposition); **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.).  In fact, Ms. Hairston has raised only one limited objection to the production

of Ms. Hairston's medical records: any Kaiser Permanente records prior to December 23, 2001.[4] **Exh. 7** (September 1, 2010 Authorization to Release Protected Health Information); **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). Ms. Hairston has not raised objections or sought to limit discovery on any other medical records in this case. **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.). The suggestion that Dr. Spodak could not perform an evaluation without these limited irrelevant medical records is nonsensical, especially given that Ms. Hairston's expert psychiatrist was able to produce a report with the same information currently in the possession of the County.

Finally, the failure to disclose the report leaves Ms. Hairston little opportunity to secure a rebuttal witness. To date, Ms. Hairston has still not received any report from Dr. Spodak, nor has Defendant indicated any date by which Ms. Hairston can expect to receive it. **Exh. 1** (Affidavit of Joyce E. Smithey, Esq.).

### III.   CONCLUSION

For the reasons set forth in Plaintiff's Motion to Strike Defendant's Expert Witness, it is respectfully requested that this Honorable Court exclude the testimony of Dr. Spodak and for such other and further relief to which she may be entitled.

                                        Respectfully Submitted,

                                        /s/
                                   _____
                                    Joyce E. Smithey, Esquire
                                    Federal Bar No. 27531
                                    Law Office of Joyce E. Smithey, Esq.
                                    223 Duke of Gloucester St.
                                    Annapolis, MD 21401
                                    443-534-0147 (Phone)
                                    410-269-1234 (Facsimile)

---

[4] The December 23, 2001 date will cover a period of five years prior to any fact at issue in this case. The earliest possible date that any fact could be at issue in this case is December 23, 2006, three years prior to the filing of our Complaint in this case, reflecting the longest statute of limitations deadline of any count alleged in the Complaint.

...

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 14th day of September, 2010, a copy of the Memorandum in Support of Plaintiff's Motion to Strike Defendant's Expert was electronically filed and served in accordance with the electronic filing guidelines on:

Daniel Karp, Esq.
Victoria M. Shearer, Esq.
Karpinski, Colaresi & Karp
120 E. Baltimore Street
Suite 1850
Baltimore, Maryland  21202

*Attorneys for Prince George's County, Maryland*

                                        /s/
                                      _____
                                      Joyce E. Smithey, Esquire