UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

November 29, 2011

**VIA ELECTRONIC FILING**

Joyce Elizabeth Smithey, Esq.          Daniel Karp, Esq.
Law Office of Joyce E. Smithey          Karpinski, Colaresi, and Karp PA
223 Duke of Gloucester St.              120 E. Baltimore St., Ste. 1850
Annapolis, MD 21401                     Baltimore, MD 21202

Re:     Hairston v. Prince George's County
        Civil Action No.: PJM-09-3431

Dear Counsel:

    The Court has received Plaintiff Tonya Y. Hairston's Declaration of Joyce E. Smithey, Esq. in Support of Court Ordered Sanctions for Plaintiff's Motion for Sanctions (ECF No. 104) ("Plaintiffs' Motion"). The Court has reviewed Plaintiff's Motion and all related briefings. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Plaintiffs' Request in the amount of $5,756.01.

**I.     Background**

    On June 25, 2010, Plaintiff served her First Request for Production of Documents upon Defendant Prince George's County seeking

> communications, including emails and other electronically stored information, from or to Calvin Hawkins concerning the County's employees who have rebuffed his sexual or romantic advances (Request No. 25), any communications, including emails and other electronically stored information, from or to Calvin Hawkins that contain any sexual language (Request No. 26), any communications, including emails and other electronically stored information, from or to Calvin Hawkins that contain any sexual images (Request No. 27); and any communications, including emails and other electronically stored information, concerning Calvin Hawkins sent to or from anyone at the County concerning complaints about Calvin Hawkins' conduct (Request No. 28).

Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Sanctions ("Sanctions Mem.") 4-5 (ECF No. 43) (citing Sanctions Mem. Ex. 9). When Mr. Hawkins testified at his deposition that Defendant "irretrievably destroyed all of his e-mails after his termination from the County on December 26, 2008," Plaintiff moved for sanctions against Defendant for "fail[ing] to institute any preservation

*Hairston v. Prince George's County*
Page 2 of 6
November 29, 2011

policy to ensure that relevant e-mails were not destroyed or discarded," and for purportedly destroying those documents "after the County was on notice of litigation." *Id*. at 1-2, 3. Defendant responded that it had not destroyed the e-mails in question; rather, the e-mails were deleted, but accessible, and to retrieve those deleted e-mails would be cost prohibitive. *See* Def.'s Opp'n to Pl.'s Mot. for Sanctions 5-6 (ECF No. 48); Mot. for Sanctions Hr'g Tr. 5-6, Mar. 24, 2011.

The Court denied Plaintiff's Motion for Sanctions, but required Defendant "to provide an affidavit of the man hours, the costs, whatever else may be involved in terms of retrieving this email in this case and any other email that would have been generated during the requisite period." Mot. for Sanctions Hr'g Tr. 10-11. After reviewing the affidavit (ECF No. 77) and response by Plaintiff, the Court held that Defendant did "not demonstrate sufficient hardship to either remove the Defendant's obligation to produce or to shift the cost of production to the Plaintiff." Def.'s Affidavit Hr'g Tr. 26, Aug. 11, 2011. The Court ordered Defendant to produce the non-privileged e-mails at its own expense, and further held that it would "entertain a request for reimbursement of fees and expenses incurred by the Plaintiff" in seeking to obtain these specific e-mails from Defendant. *Id*. at 26-27; *see also* Paperless Order, Aug. 11, 2011 (ECF No. 99). Plaintiff's Motion seeking reimbursement of her fees and expenses is now before the Court.

## II.     Calculation of Fees

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court must "require the party . . . whose conduct necessitated the [discovery] motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Courts determine the amount of attorney's fees to award by first calculating the "lodestar figure." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate. *Id*. The Court examines twelve factors to determine the "reasonable" hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Hairston v. Prince George's County*
Page 3 of 6
November 29, 2011

*See id*. at 243-44 (internal quotation marks omitted) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors specified by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))). The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland.

After calculating the lodestar figure, the court "then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom*, 549 F.3d at 321 (citation and internal quotation marks omitted). If the "plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

The Court finds *Johnson* factors one and nine most persuasive in evaluating Plaintiff's Motion. Factor one is relevant because Plaintiff's attorneys spent a significant amount of time and effort attempting to obtain documents responsive to her requests. Additionally, as in virtually every case, the experience, reputation, and ability of the attorneys are relevant factors. The more experienced attorneys are, the more efficiently they should perform. Likewise, one would expect experienced attorneys to charge higher fees than inexperienced attorneys. Keeping these factors in mind, the Court will now address the reasonableness of counsel's rates and of the hours spent by counsel to obtain the documents in question.

### A. Reasonable Billing Rate

Plaintiff offers the declaration of Joyce E. Smithey, Esq., as primary support for the reasonableness of the billing rates of counsel. Standing alone, the Court finds this declaration insufficient. A party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *See Robinson*, 560 F.3d at 244 (emphasis, citations, and internal quotation marks omitted). Affidavits from "*other* local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" are the usual form of such evidence. *Id*. (emphasis added); *see also Costar Grp., Inc. v. Loopnet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000).

But Plaintiff's failure to include affidavits from independent counsel is not fatal. Although affidavits are the preferred evidence of the prevailing market rates for legal services, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market." *Costar*, 106 F. Supp. 2d at 788 (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The Court . . . is itself an expert on the question [of reasonableness] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (citation and internal quotation marks omitted))). In the District of Maryland, this market knowledge is embedded in the Guidelines. Significantly, the Guidelines provide ranges of reasonable hourly rates based on counsel's years of experience. While the Guidelines are not binding, generally

*Hairston v. Prince George's County*
Page 4 of 6
November 29, 2011

this Court presumes that a rate is reasonable if it falls within these ranges.[1]  In light of this, Plaintiff has provided sufficient information for this Court to determine whether the proposed billing rates are reasonable.

Plaintiff seeks compensation for work performed by Joyce E. Smithey, Esq., at a rate of $300.00 per hour; for work performed by Julia Braaten, Esq., at a rate of $180.00 per hour; and for work performed by Donna McHugh at a rate of $115 per hour.  Pl.'s Mot. 1-2.  In her declaration, Ms. Smithey provides that she has practiced law for twelve years; she is seeking reimbursement at a rate lower than her actual rate; and the reduced rate falls within the Guidelines range for attorneys with her experience.  *Id*. at 1.  Ms. Smithey also declares that in October 2009, the "District Court for the District of Maryland found that a rate of $290 for Ms. Smithey was reasonable and fell within the ranges set forth in Appendix B of the Local Rules;" and because she "has practiced law for an additional two years" since that ruling, "$300 is a reasonable rate."  *Id*. at 1 n.1.

Ms. Braaten and Ms. McHugh did not provide sworn statements in support of their claims for fees.  Ms. Smithey, however, states in her declaration that Ms. Braaten "has practiced law for two years;" and that Ms. McHugh has worked as a paralegal on this case.  *Id*. at 2.  Although Ms. Smithey does not provide how many years Ms. McHugh has worked as a paralegal, Ms. Smithey declares that in October 2009, the "District Court for the District of Maryland found that a rate of $115 for Ms. McHugh was reasonable and fell within the ranges set forth in Appendix B of the Local Rules."  *Id*. at 2 n.2.  Defendant does not dispute the reasonableness of Ms. Smithey's, Ms. Braaten's, and Ms. McHugh's hourly rates.

The Guidelines provide a rate range of $150 to $190 for attorneys with less than five years of experience, a rate range of $225 to $300 for attorneys with nine to fourteen years of experience, and a rate range of $95 to $115 for paralegals.  While the Guidelines rates for attorneys are fashioned in terms of "years admitted to the bar," the Court accepts Ms. Smithey's representation that she has twelve years of experience practicing law and Ms. Braaten has two years of experience practicing law.  Thus, rates of $300 per hour for Ms. Smithey and $180 per

---

[1] The Guidelines note, however,

> These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees.  The factors established by case law obviously govern over them.  One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines.  The guidelines, however, may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases.

*See* Guidelines at 5 n.6.

*Hairston v. Prince George's County*
Page 5 of 6
November 29, 2011

hour for Ms. Braaten are reasonable.  Further, a rate of $115 per hour is reasonable for Ms. McHugh as it is within the rate range for paralegals.

### B.  Reasonable Hours

Generally, the party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."  *Costar*, 106 F. Supp. 2d at 788 (citations omitted).  However, tables drawn from contemporaneous records can suffice if "they provide an adequate basis for determining whether the hours claimed were reasonably expended."  *Id*. at 789.  *Cf. Hensley*, 461 U.S. at 437 n.12 (1983) (explaining that "counsel is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures").

Here, the Court finds that Plaintiffs' summary tables provide the Court with adequate descriptions of each task worked on by each attorney, the dates on which those tasks were performed, and the amount of time spent on those tasks.  Further, counsel properly omitted time spent on other discovery issues unrelated to the production of the e-mails in question.  For example, Ms. Smithey omitted 11.3 hours from her and Ms. McHugh's time spent negotiating with opposing counsel "because a portion of the negotiating letters and conferences dealt with other discovery issues.  Pl.'s Mot. 3 n.3; *see also id.* at 4 n.4, n.5, n.6 (noting other reductions in time).  For similar reasons, counsel also reduced the amount of costs that Plaintiff is seeking.  *See id.* at 5 n.7.

Defendant argues that because it had not identified the e-mails in question until after Plaintiff filed her Motion for Sanctions, Plaintiff cannot recover her expenses in filing that motion.  Def.'s Br. at 3.  However, had Defendant searched for those e-mails when Plaintiff first served her First Request for Production of Documents, as required by the Federal Rules of Civil Procedure, Plaintiff would not have had to file her Motion for Sanctions.  Plaintiff would have learned through Defendant's responses or discussions with Defendant in a Local Rule 104.7 conference that, perhaps despite Mr. Hawkins's testimony that the e-mails were deleted, Defendant had searched recovered copies of those e-mails and produced (or was refusing to produce) responsive, non-privileged copies to Plaintiff.  Plaintiff may have had to file a motion to compel, but would not have had to file a motion regarding spoliation.  Thus, the time expended by Plaintiff on the Motion for Sanctions is recoverable here.

However, Plaintiff's request for reimbursement for 33.6 hours is excessive considering the tasks undertaken.  Ms. Smithey avers that she spent 12.1 hours, Ms. Braaten spent 1.3 hours, and Ms. McHugh spent 0.6 hours on "drafting and filing [Plaintiff's] motion for sanctions," and Ms. Smithey spent an additional 3.2 hours on "drafting and filing her reply in further support of sanctions."  Pl.'s Mot. at 3.  This motion was not complicated or fact-intensive.  Therefore, the Court will only award Plaintiff fees for 9.5 hours of work – 8.0 hours for Ms. Smithey, 1.0 hour for Ms. Braaten, and 0.5 hours for Ms. McHugh.

*Hairston v. Prince George's County*
Page 6 of 6
November 29, 2011

      Similarly, the amount of time spent by Plaintiff's counsel and paralegal on "drafting and filing Plaintiff's Response in Accord with This Court's Order of March 24, 2011" and "preparing for arguing the Motion . . . at the August 11, 2011 hearing" is excessive. *See id.* at 4. The Court will reduce this time from 12.6 hours to 8.0 hours – 7.0 hours for Ms. Smithey and 1.0 hour for Ms. McHugh.

      Below, the Court provides a table detailing the calculations made to determine the fee award:

| NAME | HOURS | RATE | AMOUNT |
| --- | --- | --- | --- |
| Joyce Smithey, Esq. | 16.9 | $300.00/hr | $5,070.00 |
| Julia Braaten, Esq. | 1.0 | $180.00/hr | $180.00 |
| Donna McHugh | 3.2 | $115.00/hr | $368.00 |
| **TOTAL FEES** | **21.1** | | **$5,618.00** |

      Plaintiff additionally requests reimbursement for her costs of $138.01. *See id.* at 5, Ex. 3. Defendant does not dispute the reasonableness of those expenses. The Court finds those expenses to be reasonable and awards them to Plaintiff.

### III.   <u>Conclusion</u>

      For the reasons stated herein, the Court awards Plaintiff fees and costs in the amount of $5,756.01. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

                                       /s/
                                  Charles B. Day
                                  United States Magistrate Judge

CBD/MKH